```
┌─────────────────────────────────────────────────────────┐
│          NOT FOR PUBLICATION WITHOUT THE                │
│          APPROVAL OF THE APPELLATE DIVISION             │
│                                                         │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R. 1:36-3.    │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4512-14T1

R.C. SEARCH CO., INC. and
RICHARD CECERE,

    Plaintiffs-Appellants,

v.

HOWARD SILVER, 34 LABEL
STREET ASSOCIATES, and
EMER FEATHERSTONE,

    Defendants-Respondents.

_____

        Argued October 17, 2017 — Decided December 4, 2017

        Before Judges Reisner, Hoffman, and Gilson.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Docket Nos.
        L-3453-09, L-0496-12, and L-6942-14.

        Marlo J. Hittman argued the cause for
        appellants (Cozzarelli & Hittman, LLC,
        attorneys; Ms. Hittman, of counsel and on the
        brief).

        Richard D. Trenk argued the cause for
        respondents (Trenk, DiPasquale, Della Fera &
        Sodono, PC, attorneys; Mr. Trenk, of counsel
        and on the brief; Jessica A. Buffman, on the
        brief).

PER CURIAM

Plaintiff Richard Cecere appeals from a February 13, 2015 order awarding defendant 34 Label Street Associates (34 Label) attorney's fees, and a May 8, 2015 order denying his motion for reconsideration. Cecere argues that the trial court abused its discretion in determining the amount and allocation of attorney's fees, and erred in its application of res judicata. We affirm because the trial court acted within its discretion and based its decision on substantial credible evidence in the record.

I.

The attorney's fees at issue were incurred during a series of commercial landlord-tenant cases that the parties litigated extensively.

In 1993, 34 Label leased office space to R.C. Search Co., Inc. (R.C. Search), a corporation owned by Cecere (the Office Property). In 1996, Cecere entered into a separate lease with 34 Label for a garage annexed to the Office Property (the Garage Property). Finally, in 2002, Cecere entered into a ninety-nine-year Ground Lease with 34 Label for another portion of the property, on which he operated a restaurant (the Restaurant Property). Under the Ground Lease, Cecere was required to pay his proportional share of property taxes and other expenses on the Restaurant Property. Notably, the leases for the Office and Garage

Properties contained attorney's fees provisions. The lease for the Restaurant Property did not.

In September 2007, R.C. Search claimed that 34 Label overcharged for rents on the Office Property. As a result, R.C. Search stopped paying rent for the Office Property and Cecere stopped paying rent for the Garage Property. Cecere also stopped paying property taxes and expenses for the Restaurant Property. In response, 34 Label brought a summary dispossession action against Cecere and R.C. Search for possession of the Office and Garage Properties. The trial court granted 34 Label possession, and we affirmed that order on appeal. 34 Label St. Assocs. v. R.C. Search Co., Inc., No. A-4556-08 (App. Div. Apr. 8, 2010).

In 2009, while the appeal of the dispossession action was pending, Cecere and R.C. Search sued 34 Label, its principal, Howard Silver, and its accountant, Emer Featherstone, claiming that they had overcharged for rent on the Office Property. 34 Label filed a counterclaim to recover past due rents for the Office and Garage Properties and past due taxes and expenses for the Restaurant Property.

All of the claims by Cecere and R.C. Search were dismissed, and in March 2011, the trial court entered a judgment in favor of 34 Label (the March 2011 Judgment). Under the March 2011 Judgment, R.C. Search was ordered to pay $190,501.32 for unpaid rents on the

Office Property, and Cecere was ordered to pay $22,126.51 for unpaid rents on the Garage Property and $149,468.96 for unpaid taxes and expenses on the Restaurant Property. The trial court denied 34 Label's application for attorney's fees.

Cecere and R.C. Search appealed from the March 2011 Judgment, and 34 Label cross-appealed from the denial of its application for attorney's fees. We affirmed the March 2011 Judgment entered against Cecere and R.C. Search. As to the attorney's fees, we found that "the leases for the Office and Garage [Properties] specifically provide[d] for the award of attorney's fees to 34 Label . . . ." R.C. Search Co., Inc. v. Silver, No. A-4332-10 (App. Div. July 19, 2012) (slip op. at 17). Accordingly, we reversed the portion of the March 2011 Judgment denying 34 Label's application for attorney's fees, and remanded with the direction that "defendants are entitled to an award of attorney's fees they incurred in pursuing their claims for back rent and defending against the claims plaintiffs asserted as a basis for withholding payments of the rent." Ibid.

On remand, the trial court conducted a thorough review of 34 Label's affidavit of services. The court found that the rates charged by counsel were reasonable, given the "fee normally charged for similar work, the experience of the attorneys involved, and the skill required for litigating [the] complex dispute." The

4

court, however, deducted fees for billable hours that it deemed unreasonable. In addition, based upon our direction, the court awarded 34 Label fees it incurred while defending against Cecere's claim of overcharged rent on the Office Property. Ultimately, the court ordered Cecere to pay $86,276.72 in attorney's fees incurred in connection with the Garage Property. The court also ordered R.C. Search to pay $100,373.82 in fees incurred in connection with the Office Property.[1] The court's decision was memorialized in a February 13, 2015 order and opinion. Cecere filed a motion for reconsideration, which the court denied on May 8, 2015. This appeal followed.

## II.

On appeal, Cecere argues that the trial court's award of attorney's fees was not based on adequate, credible, and admissible evidence. Specifically, Cecere contends that (1) the court failed to explain its reasons for deducting certain fees; (2) the court erred in its allocation of fees and its application of res judicata; (3) the court erred in denying his request for a plenary hearing; and (4) the attorney's fees award was disproportionate to the damages recovered on the Garage Property.

---

[1] This appeal is limited to the attorney's fees entered against Cecere and does not involve R.C. Search, which did not appeal and which is no longer a functioning company.

A-4512-14T1

At the outset, we note that Cecere's brief violated <u>Rule</u> 2:6-2(a)(4) and (5), as it is replete with statements of fact and legal arguments that fail to reference the appendix or transcripts. Nonetheless, we have reviewed Cecere's arguments in light of the record, and we affirm the February 13, 2015, and May 8, 2015 orders substantially for the reasons explained in the detailed written and oral opinions of Judge Stephanie A. Mitterhoff.

We review a trial court's award of attorney's fees for abuse of discretion. <u>McGowan v. O'Rourke</u>, 391 <u>N.J. Super.</u> 502, 508 (App. Div. 2007). Determinations regarding attorney's fees "will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." <u>Ibid.</u> (quoting <u>Packard-Bamberger & Co. v. Collier</u>, 167 <u>N.J.</u> 427, 444 (2001)).

Here, we find no abuse of discretion in the court's award of attorney's fees. Judge Mitterhoff thoroughly reviewed 34 Label's affidavit of services and made detailed factual findings. She found the rates charged to be reasonable, but found some of the hours billed to be unreasonable. Accordingly, she reduced the number of hours sought. In addition, Judge Mitterhoff excluded the fees relating to the Office and Restaurant Properties, and the fees incurred in defending Silver and Featherstone. Contrary to Cecere's contention, Judge Mitterhoff explained that those fees were excluded based upon her review of 34 Label's affidavit.

We also find no abuse of discretion in the court's allocation of attorney's fees. Cecere argues that the majority of attorney's fees should have been allocated to his now defunct corporation, R.C. Search, or excluded as time spent on issues related to the Restaurant Property. 34 Label was entitled to recover fees for the Office Property from R.C. Search, but not Cecere. Moreover, 34 Label had no right to recover attorney's fees under the Ground Lease for the Restaurant Property. The time spent enforcing those leases, however, was directly related to collecting the rent Cecere withheld for the Garage Property. Indeed, the trial court based the allocation of attorney's fees, in part, on Cecere's use of claims related to the Office Property as a basis for withholding rent on the Garage Property. Those fees were properly included in the award pursuant to our direction on remand that "[34 Label] [was] entitled to . . . attorney's fees [] incurred in . . . defending against the claims [Cecere] asserted as a basis for withholding payments of the rent." R.C. Search Co., supra, slip op. at 17. Judge Mitterhoff followed our direction on remand, therefore, we reject Cecere's argument that she misapplied the doctrine of res judicata.

Cecere's argument that he was entitled to a plenary hearing lacks merit. Attorney's fees may be established by detailed certification or affidavit, unless the trial court determines that

a plenary hearing is necessary to resolve the issues equitably. Westfield Centre Serv., Inc. v. Cities Serv. Oil Co., 172 N.J. Super. 196, 205 (App. Div.), certif. denied, 85 N.J. 92 (1980), aff'd, 86 N.J. 453 (1981). Here, Judge Mitterhoff found that Cecere's submissions "did not provide a basis for a plenary hearing[,]" and that he failed to provide "any evidentiary support for his contention that the fees are excessive." Accordingly, the denial of Cecere's request for a plenary hearing was a sound exercise of discretion.

Finally, Cecere's contention that the attorney's fees award was disproportionate to the damages recovered on the Garage Property also lacks merit. The ultimate goal in awarding attorney's fees is to allow reasonable fees that are not excessive. Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 388 (2009). Given the nature and length of the litigation between Cecere and 34 Label, the attorney's fees award approved by Judge Mitterhoff was reasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION